J. MAGNE ANDERSON, Appellant, v. FRED SCHURKE.

**Personal Injury:** HIGHWAY FENCES: PROXIMATE CAUSE. Plaintiff while riding along a highway in the traveled track was thrown by his horse into the wire fence and injured. Conceding that defendant wrongfully maintained the fence in the highway, *held*, that the same was not the proximate cause of the injury and that defendant was not liable therefor.

*Appeal from Crawford District Court.*—HON. S. M. EL-WOOD, Judge.

FRIDAY, OCTOBER 16, 1903.

ACTION to recover damages for personal injuries received by plaintiff while riding on horseback along a highway adjoining defendant's premises. The injuries consisted in the cutting and scraping of plaintiff's hip and ankle by a barbed wire fence, maintained by defendant between his premises and the highway, and which, it is contended by plaintiff, was set out into the highway, and not on the true division line. At the conclusion of plaintiff's evidence, the court directed a verdict for the defendant, and from judgment thereon plaintiff appeals.— *Affirmed.*

*Conner & Lally* for appellant.

*P. W. Harding* for appellee.

McCLAIN, J.—Plaintiff introduced evidence tending to show that the road along which plaintiff was riding was a legally established highway, and defendant in various ways interposed the objection that the evidence introduced, consisting of the records of the board of supervisors with reference to the establishment of this highway, was

not sufficient, on account of want of notice to the adjoin-
ing landowners. Plaintiff also relied upon a legalizing
act, which counsel for defendant contended was unconsti-
tutional, and the court, at the conclusion of plaintiff's
case, on defendant's motion, struck from the record all
the testimony with relation to the establishment of the
alleged highway. Error is assigned as to this ruling, but,
in the view which we take of the case, it is not necessary
to discuss the correctness of the court's action, although
considerable portions of the arguments of counsel on each
side are devoted to this question.

The action of the court in directing a verdict for de-
fendant was not based on any specific ground, but if the
plaintiff, under the issues and the evidence, was, as mat-
ter at law, not entitled to recover, then the court com-
mitted no error, and the judgment should be affirmed.
We direct our attention, therefore, to the ultimate issues
presented to the court for determination, and find that
the wrong compained of on the part of the defendant was
maintaining his fence along and in the highway, eleven
feet from the true boundary line between his premises and
such highway; that the injury alleged to have been sus-
tained by plaintiff was the result of this wrongful act of
defendant; and that plaintiff was free from negligence.
The evidence shows that the traveled track in the high-
way, if there were a highway, was about six feet from de-
fendant's fence; that, as plaintiff rode his horse along
this track after dark, the horse shied or stumbled towards
the fence, which was of barbed wire, and forced plaintiff's
leg against the fence, with the result that the leg was
badly cut and injured. It occurs to us that the only ques-
tion we need consider is whether, under the issues pre-
sented, this evidence tended to show plaintiff entitled to
recover damages as against defendant.

It is very doubtful whether there is any competent
evidence that defendant's fence was in the highway. No

question of that character seems ever to have been raised until after the accident, when the county surveyor made a survey, and he testifies that he then found that the fence, at the place of the accident, was not on the line, but eleven feet from the line, in the highway. He announces this rather by way of conclusion than by stating any facts as to the measurements made. We do not find it necessary to discuss the competency of his testimony, which constitutes the sole evidence that there was any wrong done on the part of the defendant with reference to the maintenance of his fence.

The controlling question, as it seems to us, is whether there was any proximate connection between the alleged wrongful act of defendant in having his fence in the highway and the injury received by plaintiff. It appears from plaintiff's testimony that he was riding in the traveled track; that he could see the posts of the fence; that it was quite dark at the time; and that, without any volition on his part, his horse carried him out of the traveled track, and against the fence. It does not appear that plaintiff had any knowledge as to where the true line of the highway was, or that he was directing his course with reference to that line, independently of the fence which defendant had constructed, nor that the fence had been newly constructed, so as to encroach on the highway as previously used. Plaintiff knew where the traveled track was, and knew where the fence was, and was not misled nor surprised by reason of any act of the defendant with reference to the location and maintenance of the fence. To illustrate the view we take, we may suppose a case which, as we think, involves exactly the same legal proposition as the one before us. If the traveled track had been near the other side of the highway, which, as legally established, must have been sixty-six feet wide (and all the evidence before us on the subject is to the effect that it was of this width), and a person traveling along such

track had been violently thrown from his carriage the width of the highway, and had fallen against defendant's fence, and received injuries involving permanent disability and constant pain and suffering, such as would justify a verdict for very large damages, and it could be shown that if defendant's fence had been on the exact line, instead of a few feet therefrom, the injured person would not have struck such fence, and would not therefore have suffered damages, would the defendant be liable for the consequent injury? Would there be any proximate connection between maintaining the fence not on the true boundary line and the injury suffered in such case? Conceding that defendant was in the wrong in having his fence set over for some distance in the highway, but not in such way as to obstruct the travel, or render the highway too narrow for safe use, would his wrong be the proximate cause of such injury? No doubt defendant could be indicted for the obstruction of the highway, but would there be any proximate connection between the wrong which he commits and the injury suffered? The answer is self evident.  One who does a negligent or wrongful act is responsible for the consequences resulting from such act, whether he has reason to anticipate them or not, if they are the natural result of his wrong; but if the result is purely accidental, and the defendant's wrong has no causal connection with the injury suffered, then, no matter how great the wrong may be, the injury cannot be charged to him.  The occasion of plaintiff's injury in this case was the accident of his horse carrying him against the fence.  There is no reason to suppose that the traveled track would not have been within six feet of the fence, even if the fence had been constructed on the true line, and the chance of injury to plaintiff from such an act would have been exactly the same as it actually was in this case.  With all the ingenuity we can exercise in marshaling the facts before us, we are unable to imagine any

connection whatever between the accident to plaintiff and the wrong of defendant in having his fence in the highway. The court was therefore justified in directing a verdict for defendant, and the judgment is AFFIRMED.